# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:06-CR-0318-01** |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **ALEX SANTIAGO** : | |

## **MEMORANDUM**

Presently before the court is defendant's *pro se* motion (Doc. 183) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Defendant Alex Santiago ("Santiago") asserts multiple theories to support his motion to vacate. Specifically, Santiago contends that (1) the court committed sentencing errors;[2] (2) the government breached the terms of the plea agreement, (see Doc. 183 at 1, 4); and (3) the government failed to meet its burden of proof.[3] For the reasons that follow, Santiago's motion (Doc. 183) will be denied.

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[2] Santiago claims that (1) insufficient evidence supported the court's determination that he was an "organizer, leader, manager or supervisor in any criminal activity" subject to a two-level sentence enhancement under U.S.S.G. § 3B1.12.1(c), (see Doc. 183 at 2; Doc. 193 at 1); and (2) the court improperly relied on the presentence report, (see Doc. 183 at 2).

[3] Santiago contends that (1) the government failed to prove that "the offense involved crack and not just cocaine base[,]" (Doc. 183 at 2; see also Doc. 193 at 6-7); and (2) the government improperly calculated the drug quantities attributable to Santiago, (see Doc. 183 at 2).

## I. Statement of Facts & Procedural History

On September 20, 2005, Santiago was indicted on one count of distribution and possession with intent to distribute 50 grams or more of crack cocaine, see 21 U.S.C. § 841(a)(1); 841(b)(1)(A)(iii), and one count of conspiracy to commit the same offense, see 21 U.S.C. § 846. On September 25, 2006, Santiago entered a plea of not guilty with respect to the indictment. (See Doc. 12). Santiago withdrew his plea of not guilty on August 30, 2007 and entered a plea of guilty to the charge of conspiracy to distribute and posses with intent to distribute 50 grams and more of crack cocaine. (See Doc. 101). Santiago was sentenced on January 28, 2008, (see Doc. 166), and judgment was thereafter entered, (see Doc. 160).
Santiago filed a notice of appeal with the Third Circuit Court of Appeals on February 25, 2008. (See Doc. 161). The Third Circuit affirmed the judgment and sentence on June 11, 2009. See United States v. Santiago, 331 F. App'x 181 (3d Cir. 2009). On November 23, 2009, Santiago timely filed the instant motion (Doc. 183) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion has been fully briefed and is ripe for disposition.

## II. Discussion

Santiago alleges that the court committed errors during sentencing, the government breached the terms of the plea agreement, and the government did not meet its burden of proof. The court will address these issues *seriatim*.

### A. Sentencing Errors

In his § 2255 motion, Santiago alleges that the court committed two errors during sentencing, specifically, (1) that insufficient evidence supported the court's determination that Santiago was an "organizer, leader, manager or supervisor in any criminal activity" subject to a two-level sentence enhancement under U.S.S.G. § 3B1.12.1(c), (see Doc. 183 at 2; Doc. 193 at 1); and (2) that the court improperly relied on the presentence report, (see Doc. 183 at 2). The Third Circuit has explained that "[b]ecause collateral review under 28 U.S.C. § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a § 2255 motion that he raised on direct review." Hodge v. United States, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)). "Put differently, a movant has procedurally defaulted all claims that he neglected to raise on direct appeal." Id. at 379. Courts will exempt a movant from that rule, however, if he can prove either (1) "that he is actually innocent of the crime for which he was convicted," or (2) "that there is valid cause for the default, as well as prejudice resulting from the default." Id. at 379. With this understanding, the court will examine the alleged sentencing errors.

Santiago first contends that insufficient evidence supported the court's conclusion that he was an "organizer, leader, manager or supervisor in any criminal activity" pursuant to U.S.S.G. § 3B1.12.1(c). (See Doc. 183 at 2; Doc. 193 at 1). Santiago raised this issue on appeal, and the Third Circuit expressly concluded that "adequate evidence supported the District Court's determination that Santiago

3

was an organizer, leader, manager, or supervisor in any criminal activity' under U.S.S.G. § 3B1.12.1(c)." Santiago, 331 F. App'x at 183. Specifically, the Third Circuit noted that "codefendant Julio Cunde testified that between July and September of 2006, he and another individual, Flaco, "cooked" and distributed crack for Santiago." Id.

During the initial sentencing hearing, this court noted additional evidence which supported its conclusion that Santiago was an organizer, leader, manager, or supervisor of an illicit drug trafficking operation: (1) a confidential informant spoke with Santiago to purchase crack cocaine, which was delivered by two other males acting at the direction of Santiago; (2) multiple witnesses corroborated Santiago's role as a distributor who conducted other controlled deliveries in which "drug runners" were utilized; and (3) codefendant Julio Cunde confirmed that Santiago brought cocaine into the Lebanon area from a source in New York City. (See Doc. 175 at 42-44). The evidence of record clearly supported the court's determination that Santiago was an "organizer, leader, manager or supervisor in any criminal activity" subject to a two-level sentence enhancement under U.S.S.G. § 3B1.12.1(c). Thus, Santiago's first allegation of sentencing error will be rejected.

Santiago next contends that the court "was prejudicial in accepting the [presentence report] knowing that it was challenged by Counsel [sic] making the [presentence report] non-evidential and not a legally sufficient basis for making findings on contested issues of material fact[.]" (Doc. 183 at 2). Santiago did not raise this issue on direct appeal. See Santiago, 331 F. App'x 181. Santiago,

4

therefore, has procedurally defaulted this claim because he neglected to raise it on appeal.  See Hodge, 554 F.3d at 379.  The court need not consider his contention because he has not alleged: (1) that he is actually innocent of the crime; or (2) that there was valid cause for the default and prejudice resulting therefrom.  See id.

Despite the fact that Santiago has procedurally defaulted this claim, the court—in an abundance of caution—will consider Santiago's contention because he claims that he has been prejudiced by an improper reliance on the challenged presetence report.  "It is well established in [the Third Circuit], and all others, that a sentencing court may rely on the facts set forth in the presentence report when their accuracy is *not challenged* by the defendant."  United States v. Motto, 32 F. App'x 628, 630 (3d Cir. 2002) (citing United States v. Watkins, 54 F.3d 163, 167 (3d Cir. 1995)) (emphasis added); see also United States v. Kittoe, 76 F. App'x 430, 432 (3d Cir. 2003) (citing FED. R. CRIM. P. 32 (I)(3)(a)).  Additionally, "FED. R. CRIM. P. 32 (I)(3)(b) provides that a sentencing court must, for any disputed portion of the presentence report or other controverted matter, rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  United States v. Nesbitt, 281 F. App'x 12, 121 (3d Cir. 2008).

In the present matter, Santiago objected to (1) the drug weight used in the presentence report to determine his base offense level; and (2) the report's proposed two-level sentence enhancement under U.S.S.G. § 3B1.12.1(c).  (See Doc. 175 at 5-6).

5

The court, however, did not improperly rely on the contested portions of the presentence report. Santiago's first objection fails because the court accepted the parties' stipulation regarding the drug weight for which Santiago was responsible, (see id. at 5-6), and did not rely on that contested portion of the presentence report. As to Santiago's second objection, the court heard the testimony of two witnesses on direct and cross examination, (see Doc. 175 at 7-31; 31-42), before ruling on the disputed issue as required by FED. R. CRIM. P. 32 (I)(3)(b). (See Doc. 175 at 42-44). As discussed supra, the Third Circuit affirmed the sufficiency of this procedure and the court's determination. See Santiago, 331 F. App'x 181. Thus, the court did not improperly rely on contested portions of the presentence report, and Santiago's arguments on this point will be rejected.

### B.     **Breach of Plea Agreement**

Santiago alleges that the government breached the terms of the plea agreement because "his sentence don't [sic] meets [sic] the plea bargain he pleaded guilty to, [sic] due to the unfairly [sic] sentence he was sentenced to before the court[.]" (Doc. 183 at 1). Santiago also contends "that he should receive the sentence promised him, that being 57-71 months." (Id. at 4). Despite Santiago's assertions to the contrary, the terms of the plea agreement were not breached and Santiago received exactly that for which he bargained.

The written plea agreement signed by Santiago unequivocally stated that the offense to which he was pleading "carries a mandatory minimum period of

6

imprisonment of ten years[,]" and a maximum term of "life in prison[.]" (Doc. 88 at 3-4, 14). Santiago twice more acknowledged his sentencing exposure at his change of plea hearing. (See Doc. 174 at 9-10, 12). The plea agreement also stated—and Santiago repeatedly acknowledged—that the court was not a party to the agreement and may impose any sentence within the guideline range. (See Doc. 88 at 14; Doc. 174 at 9-11, 14). Santiago did, in fact, receive the mandatory minimum sentence of ten years imprisonment. (See Doc. 175 at 51). Therefore, Santiago's claim fails because the plea agreement was not breached.

C. **Burden of Proof**

Santiago finally contends that (1) the government failed to prove that "the offense involved crack and not just cocaine base[,]" (Doc. 183 at 2; see also Doc. 193 at 6-7); and (2) the government improperly calculated the drug quantities attributable to Santiago, (see Doc. 183 at 2). These arguments are foreclosed by Santiago's guilty plea; he admitted that he was part of a conspiracy to distribute 50 grams and more of crack cocaine. (See Doc. 101; Doc. 174 at 7, 21). This admission and acceptance of responsibility obviated the need for the government to independently prove all of the elements of the charged offense.[4] Thus, the court rejects Santiago's contention that the government failed to meet its burden of proof.

---

[4] During his change of plea hearing, the court specifically apprised Santiago that "[a]t trial the government would have the responsibility of proving each and every element of the crime charged against you beyond a reasonable doubt." (Doc. 174 at 6). Santiago waived his right to proceed with a jury trial stating "I am guilty . . . . I want to plead." (See id. at 7).

**III. Conclusion**

For the foregoing reasons, Santiago's motion (Doc. 183) to vacate will be denied.  An appropriate order follows.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:      October 4, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0318-01** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ALEX SANTIAGO** | : | |

## **ORDER**

AND NOW, this 4th day of October, 2010, upon consideration of Santiago's motion (Doc. 183) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Santiago's motion (Doc. 183) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge